UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
RACHELLE BAKER and JASON DITTMAN,   )
individually and on behalf of all  )
others similarly situated,         )
                                   )
                Plaintiffs,        )
                                   )
v.                                 )   Civil Action
                                   )   No. 18-11175-PBS
EQUITY RESIDENTIAL MANAGEMENT,     )
L.L.C., and EQR-WALDEN PARK,       )
L.L.C.,                            )
                                   )
                Defendants.        )
_____)

**MEMORANDUM AND ORDER**

July 31, 2018

Saris, C.J.

    Plaintiffs Rachelle Baker and Jason Dittmann, the class representatives, have moved to remand this action under the Class Action Fairness Act of 2005 ("CAFA"). The class action complaint was originally filed in Massachusetts Superior Court on August 15, 2013. Defendants Equity Residential Management, L.L.C. and EQR-Walden Park, L.L.C. (collectively, "ERM"), removed the case on September 6, 2013, and Plaintiffs successfully moved to remand back to state court in February of 2014 where the case has proceeded until recently. See Baker v. Equity Residential Mgmt., L.L.C., 996 F. Supp. 2d 1, 8 (D. Mass. 2014) ("Because Equity has not demonstrated a reasonable

1

probability that the amount in controversy exceeds $5 million, the case must be remanded.") (citation and internal quotation marks omitted).

On May 30, 2018, Plaintiffs filed an expert report alleging damages over $5 million. Dkt. No. 11-8. The report asserts:

> *Damages Based on the Implied Warranty of Habitability, Unjust Enrichment and Chapter 93A Claims*:
> Admitted Outage Class: $4,146,882.00
> Construction Project Class: $3,725,592.00
>
> *Damages Based on the Covenant of Quiet Enjoyment Claims*:
> Total Damages: $10,016,586.00

Dkt. No. 11-8 at 2. Within 30 days, on June 5, 2018, ERM removed the case to federal court for the second time. Plaintiffs have moved to remand on the basis of untimeliness, alleging that ERM could have easily figured out that damages exceeded $5 million from past court documents and communications, and that the 30-day clock on removal has therefore already run. See Dkt. No. 10 at 2.

Under CAFA, a defendant may remove the case to federal court within 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). If there has been no clear statement of damages, a

plaintiff's papers must "set[] forth sufficient facts from which the amount in controversy can easily be ascertained by the defendant by simple calculation." Romulus v. CVS Pharmacy, Inc., 770 F.3d 67, 75 (1st Cir. 2014). The defendant need not conduct its own research outside of the information provided by the plaintiff in order to determine the amount in controversy. Id.

Plaintiffs have not presented any paper from which an amount in controversy equal to more than $5 million was ascertainable through straightforward calculation prior to the expert report. Plaintiffs argue that recent filings in 2017 made it a matter of simple math that the class action involved over $5 million. Specifically, they point to the memorandum and order granting class certification on June 27, 2017, and an email from Defendants' counsel containing ERM rent rolls, dated November 10, 2017. Dkt. No. 10 at 8. From their collective papers, Plaintiffs assert that calculating damages required Defendants to simply multiply the average rent of the units ($2,319.00), by the statutory damages (three months' rent), by the number of tenants (1,500), to reach a number far exceeding $5 million. Dkt. No. 10 at 12. However, Defendants point out that the math is not straightforward. For example, they allege that the rent rolls include many duplicative entries, making the total number of tenants far fewer than 1,500. In addition, the damages due to tenants in both of the classes may be duplicative. This "double

dipping" problem makes the calculations more complex. Defendants' removal within 30 days of the expert report was therefore proper, and accordingly, the Court **DENIES** the Motion to Remand (Dkt. No. 9).

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge