UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

RACHELLE BAKER and
JASON DITTMANN, individually and on
behalf of all others similarly situated,

                Plaintiffs,

v.

EQUITY RESIDENTIAL MANAGEMENT,
L.L.C., and EQR-WALDEN PARK, LLC,

                Defendants.

Civil Action No. 1:18-cv-11175-PBS

---

## [PROPOSED] ORDER FOR PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

WHEREAS, a proposed class action is pending before the Court entitled *Baker, et al. v. Equity Residential Management, L.L.C., et al.*, No. 1:18-cv-11175-PBS; and

WHEREAS, the parties have entered into a Settlement Agreement dated August 15, 2019; and

WHEREAS, Plaintiffs having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the settlement of this Action, in accordance with the Settlement Agreement ("Agreement") which sets forth the terms and conditions of the proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Agreement;

## NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Having found that all elements of Fed. R. Civ. P. 23 have been met, the Court hereby preliminarily approves the settlement of this Action on behalf of the Settlement Class (as defined in the Agreement at ¶ 2.1), which shall be defined as follows:

> All persons who were tenants at Walden Park (*i.e.*, 205-225 Walden Street, Cambridge, Massachusetts) on a day between April 12, 2012 to April 24, 2014 in which there was a heat or hot water outage; all persons who were tenants at Walden Park in either building for the period between April 12, 2012 to April 24, 2014; and all persons who were tenants at Walden Park from May 1, 2012 to May 30, 2013; July 1, 2013 to December 31, 2013; and/or July 7, 2014 to September 30, 2014.

2. Plaintiffs Rachelle Baker and Jason Dittmann are preliminarily approved as Class Representatives, and the following attorneys and firms are approved as Class Counsel: Joshua N. Garick, Esq. of the Law Offices of Joshua N. Garick, P.C. and David Pastor, Esq. of Pastor Law Office LLP.

3. The Court hereby preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below.

4. A Fairness Hearing shall be held before this Court on November 4, 2019, at 3:30 p.m., in Courtroom 19 at the United States District Court, District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, to consider the fairness, reasonableness and adequacy of the Settlement, the entry of a Final Order approving the Settlement, an application for attorneys' fees, and reimbursement of expenses made by Class Counsel, an application for incentive Awards to the Class Representatives, and any other related matters that are brought to the attention of the Court in a timely fashion.

5. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action Lawsuit ("Full Notice"), the U.S. Mail Notice of Class Action Settlement (the "U.S. Mail Notice"), the Email Notice of Class Action Settlement (the "Email Notice"), and the proof of claim form ("Proof of Claim"), and finds that the distribution and mailing of the U.S. Mail Notice (with Proofs of Claim) and the Email Notice and posting of the Full Class Notice on a website in the manner and form set forth herein substantially meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

6. The Court appoints JND Legal Administration as Claims Administrator to serve the Class Notice, and if the Settlement is approved, to administer the Settlement and to conduct the claim process.

7. The Claims Administrator will distribute the U.S. Mail Notice and the Email Notice to Class members via U.S. Mail (with Proofs of Claim) and/or email beginning no later than twenty-one (21) calendar days after the entry of this Order; and the Claims Administrator shall post on the Internet the Full Class Notice beginning no later than twenty-one (21) calendar days after entry of this Order to be maintained through the later of: the objection deadline, the opt-out/exclusion deadline, or sixty (60) days after checks are mailed by the Claims Administrator to Class Members. No later than fourteen (14) calendar days after entry of this Order, the Claims Administrator shall set up the toll-free contact number, for Class members to call in order to obtain additional information about the Settlement.

8. No later than five (5) business days before the Fairness Hearing, Defendants will file with the Court and serve upon Plaintiffs' Counsel a declaration confirming that the Class Notice has been provided in accordance with this Order.

9. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. To be excluded from the Class, Class Members must mail a written Request for Exclusion from the Class to Defendants' counsel, with a copy to Class Counsel, no later than fourteen (14) calendar days in advance of the Fairness Hearing. Class Members must include their full name, address, and date. The request for exclusion must be personally signed by the Class member requesting exclusion. To be considered valid, a request for exclusion must set forth all of this information and must be timely received. No later than five (5) business days prior to the Fairness Hearing, Defendants' counsel shall prepare a list of the persons who, pursuant to the Class Notice, have excluded themselves from the Class in a valid and timely manner and shall deliver that list to Class Counsel.

10. No later than fourteen (14) calendar days before the Fairness Hearing, any Class Member who wishes to object to the Settlement must file with the Court a written objection and mail a copy to Defendants' Counsel and Class Counsel. The objection shall include the name and title of the lawsuit, *Baker, et al. v. Equity Residential Management L.L.C., et al.*, No. 1:18-cv-11175-PBS, the objector's full name, address, telephone number, email address, the objector's Equity apartment number, lease or rental period; the name, address, telephone number, and email address of any attorney representing the objector in connection with the objection, and a list of all state bar(s) to which the attorney is admitted; a clear, concise and detailed statement of each objection, the facts supporting each objection, the legal basis for each objection, and what the objector is asking the Court to do; a statement of whether the objector intends to appear, either in person or through counsel, at the Fairness Hearing; any legal authority in support of the objection on which the objector intends to rely; and a list of and copies of any exhibits that the objector

4

may seek to use at the Fairness Hearing. Any Class Member or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising any objection to the Settlement, and any untimely objection shall be barred.

11. All discovery and pretrial proceedings in this Action, as well as all deadlines, are stayed and suspended until further order of this Court.

12. All papers in support of the Settlement shall be filed and served on or before ten (10) calendar days before the Fairness Hearing. Class Counsel's application for attorneys' fees and reimbursement of expenses, and all supporting papers, shall be filed and served on or before twenty-eight (28) calendar days before the Fairness Hearing.

13. Any member of the Class who has not filed a Request for Exclusion may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement; provided, however, that no person shall be heard in opposition to the Settlement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless such person files an objection that complies with all of the requirements of Paragraph 10 of this Order and complies with the deadline set forth therein.

14. The date and time of the Fairness Hearing shall be set forth in the Class Notice but shall be subject to adjournment by the Court without further notice to the members of the Class other than which may be posted on the Court's Electronic Case Filing (ECF) system or the website created pursuant to the Agreement, as set forth in the Class Notice.

15. If Final Approval of the Settlement is not granted, or if the Agreement is rescinded or the Settlement is terminated for any reason, the Settlement and all proceedings had

in connection therewith shall be without prejudice to the parties' rights and the parties shall return to the *status quo ante*, and all Orders issued pursuant to the Settlement and Preliminary and Final Approval process shall be vacated. In such event, the Agreement and all negotiations concerning it shall not be used or referred to in this action for any purpose whatsoever.

IT IS SO ORDERED.

Dated: August 16, 2019

HON. PATTI B. SARIS
UNITED STATES DISTRICT JUDGE