UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RACHELLE BAKER and
JASON DITTMANN, individually and on
behalf of all others similarly situated,

                    Plaintiffs,

v.                                    Civil Action No. 1:18-cv-11175-PBS

EQUITY RESIDENTIAL MANAGEMENT,
L.L.C., and EQR-WALDEN PARK, LLC,

                      Defendants.

## [~~PROPOSED~~] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

On November 4, 2019, this Court heard Plaintiffs' Assented to Motion for Final Approval of Class Action Settlement. This Court reviewed the motion and the supporting papers, including the Settlement Agreement dated August 15, 2019 ("Agreement"), and any objections made to the Agreement. The Court also considered the oral arguments of counsel. Based on this review and the findings below, the Court finds good cause to grant the motion.

**FINDINGS:**

1.    Unless otherwise specified, defined terms in this Order have the same definition as the terms in the Agreement.

2.    This Court has jurisdiction over the subject matter of this Action, all Parties to the Action, and all Class Members who have not timely and validly requested exclusion.

3.    Notice was provided to Class Members in compliance with Section 3.1 of the Agreement, Federal Rule of Civil Procedure 23 and due process. The notice: (i) fully and accurately informed Class Members about the Action and the Settlement; (ii) provided sufficient information so that Class Members were able to decide whether to request exclusion from, object

1

to, or participate in the proposed Settlement; (iii) provided procedures for Class Members to file written objections to the proposed Settlement, to appear at the hearing, and to state objections to the proposed Settlement; and (iv) provided the time, date and place of the Fairness Hearing.

4.   For the reasons stated in the August 16, 2019 Order for Preliminary Approval of Class Action Settlement [Dkt. No. 104], and having found nothing that would disturb these previous findings, this Court finds and determines that the Class, as defined below, meets all of the legal requirements for class certification.

5.   The Parties have to date adequately performed their obligations under the Agreement.

6.   Upon review of the record, the Court hereby finds that the terms and provisions of the Agreement have been entered into in good faith and are fair, reasonable, and adequate as to, and in the best interest of, each of the Class Members, and in full compliance with all applicable requirements of law. With respect to the determination that the Settlement is fair, reasonable, and adequate, the Court specifically notes that the Settlement was reached through negotiations with experienced and informed counsel with the assistance of an experienced mediator, and the terms of the Settlement reflect substantial benefits to the Class in light of the circumstances of the Action.

7.   Incentive awards to Plaintiffs Rachelle Baker and Jason Dittmann of $7,500.00 each, are fair and reasonable in light of: (a) Plaintiffs' risks (including financial, professional, and emotional) in commencing this Action as the class representatives; (b) the time and effort spent by Plaintiffs in litigating the Action as the class representatives (including participation in depositions and other discovery); and (c) Plaintiffs' public interest service.[1]

---

[1] On October 15, 2019, the Court issued an order granting Plaintiffs' and Class Counsel's Motion for Attorneys' Fees and Expenses and Plaintiff's Incentive Award. [Dkt. No. 114]

8.  An award of $500,000.00 in attorneys' fees and $30,000.00 in expenses to Class Counsel is fair and reasonable in light of the time spent by Class Counsel in prosecuting the Action, the nature of the Action, Class Counsel's experience, ability, and reputation, the result achieved, and the benefits obtained for the Class.[2]

**IT IS ORDERED THAT:**

1.  **The Class**:  The Class is defined as:

    All persons who were tenants at Walden Park (*i.e.*, 205-225 Walden Street, Cambridge, Massachusetts) on a day between April 12, 2012 to April 24, 2014 in which there was a heat or hot water outage; all persons who were tenants at Walden Park in either building for the period between April 12, 2012 to April 24, 2014; and all persons who were tenants at Walden Park from May 1, 2012 to May 30, 2013; July 1, 2013 to December 31, 2013; and/or July 7, 2014 to September 30, 2014.

2.  **Binding Effect of Order**.  This order applies to all claims or causes of action settled under the Agreement and binds all Class Members.  This order does not bind persons who filed timely and valid requests for exclusion.

3.  **Release by Plaintiffs and Class Members.**  Plaintiffs and all Class Members are: (1) deemed to have released and discharged Equity from all Plaintiffs' and Class Members' Released Claims, as defined in Section 1.18 of the Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Section 4.6 of the Agreement and are specifically incorporated herein by this reference.

4.  **Release by Equity.**  Equity is deemed to have released and discharged Plaintiffs from all Equity's Released Claims, as defined in Section 1.14 of the Agreement.

5.  **Class Relief.**  Defendants shall fund the Settlement Fund by making payment of $200,000.00, as provided in Section 2.2 of the Agreement to the Claims Administrator within

---

[2] *See* n. 1, *supra.*

seven (7) business days of the date of this Order. The Defendants will also fund the Substantiated Claim Pool in an amount up to $300,000.00 in the manner set forth in Section 2.3 of the Agreement.

6. **Attorneys' Fees and Expenses.** Class Counsel are awarded $500,000.00 in fees and $30,000.00 in expenses. Payment shall be made pursuant to the terms and timeline stated in Section 2.7 of the Agreement.[3]

7. **Incentive Awards.** Plaintiffs Rachelle Baker and Jason Dittmann are each awarded $7,500.00 as an incentive award. Payment shall be made pursuant to the timeline stated in Section 2.6 of the Agreement.[4]

8. All Class Members are bound by this Final Order and by the terms of the Agreement.

9. The Court hereby dismisses with prejudice the Action.

10. The Court reserves jurisdiction over the Action and the Parties and over the implementation, administration and enforcement of the Agreement, and all matters ancillary thereto.

IT IS SO ORDERED.

Dated: 11/4/19

HON. PATTI B. SARIS
UNITED STATES DISTRICT COURT

---

[3] *See id.*
[4] *See id.*